(No. 11133.—Reversed and remanded.)

T. J. Forschner & Co. Plaintiff in Error, *vs.* The Indus-
trial Board of Illinois *et al.* Defendants in Error.

*Opinion filed April 19, 1917.*

1. Workmen's compensation—*review of decision of Industrial
Board by certiorari is on questions of law, only.* The office of the
writ of *certiorari* in a workmen's compensation case is to bring
before the circuit court for review the decision of the Industrial
Board upon questions of law, only, and the return to the writ must
show that board had jurisdiction to make the decision and that in
doing so it acted legally.

2. Same—*when the petitioner need not show that an award in a
lump sum is for best interests of both parties.* Where an injured
employee petitions the Industrial Board, under section 19 of the
Workmen's Compensation act, to order the award paid in a lump
sum and the employer does not appear at the hearing on such peti-
tion, the petitioner is not required to prove that it is for the best
interests of both parties to have the award so paid, but if he makes
a *prima facie* case the board will be authorized to make such order.

3. Same—*return of writ of certiorari should contain testimony
and not merely a statement of counsel.* The return of the writ of
*certiorari* to review the decision of the Industrial Board ordering
the award paid in a lump sum should show that the board acted
upon evidence and should contain the testimony upon which the
decision was based, and not merely a statement of counsel of the
substance of what he claims was testified to upon the hearing of
the petition.

Writ of Error to the Circuit Court of Cook county;
the Hon. Oscar M. Torrison, Judge, presiding.

Zimmerman & Garrett, for plaintiff in error.

Alden, Latham & Young, (T. A. Sheehan, of coun-
sel,) for defendants in error.

Mr. Justice Farmer delivered the opinion of the court:

Defendant in error Peter Manojovich, while an em-
ployee in the service of T. J. Forschner & Co., plaintiff in
error, received an injury resulting in the loss of both his

legs below the knees. He made claim for compensation under the Workmen's Compensation act, and on December 13, 1915, was awarded by a committee of arbitration $2000, less $54 already paid, said award to be paid in monthly installments of $26 each, and after the payment of said amount a pension during life of $13.33⅓ per month. No proceeding was had to review the award of the committee of arbitration. On May 5, 1916, Manojovich filed with the Industrial Board a petition for a lump-sum settlement of the award. The petition recited the time and nature of the injury, the award made by the committee of arbitration, and set out reasons why the petitioner considered it for the best interests of the parties that the award be commuted to a lump sum. The Industrial Board notified plaintiff in error by a notice dated May 12, 1916, of the filing of the petition, that a hearing under it would be had May 18, and plaintiff in error was given until that date to answer the petition. There is no record of any hearing on May 18. The Industrial Board, by a notice dated May 19, 1916, notified plaintiff in error of the filing of the petition and that it would be heard May 25. On July 13, 1916, the Industrial Board filed its order commuting the compensation awarded to a lump sum of $3657.44. Thereafter plaintiff in error sued out a writ of *certiorari* from the circuit court of Cook county to review the action of the Industrial Board. The circuit court confirmed the action of said board and made a certificate that the case was one proper to be reviewed by the Supreme Court, and this writ of error was sued out to review the judgment and decision of the circuit court.

The return to the writ of *certiorari* shows that on May 25 Peter Manojovich appeared before the board by counsel, but it is not shown plaintiff in error appeared. Counsel for Manojovich stated to the Industrial Board on said May 25, as shown by the return of said board to the writ of *certiorari,* that he would like to have the record show that

Manojovich appeared before the board May 18 and being duly sworn testified that he was the petitioner, that he had a wife but no children, that he was forty-nine years old, that he lost both legs as the result of an injury sustained while working for plaintiff in error, and that he was totally incapacitated. Counsel further stated what purported to be the substance of the testimony of Manojovich before the board on said May 18 in support of the allegation of the petition that it was for the best interests of the parties that the compensation awarded be commuted and paid in a lump sum. On July 13, 1916, the Industrial Board filed its order reciting the filing of the petition by Manojovich on May 5, 1916; that the parties were given proper notice of the filing of said petition; that the matter coming on to be heard before the board, upon proper showing of the parties and after inquiry and investigation into the matter, and being fully advised in the premises, it finds it is for the best interests of the parties that compensation be paid in a lump sum, and it was accordingly ordered that said compensation be commuted to a lump sum of $3657.44.

A great many errors are assigned why the judgment should be reversed, but the principal question raised by the brief and argument of plaintiff in error is whether the record of the proceedings before the Industrial Board on the petition of Manojovich was sufficient to authorize said board to commute the award to a lump sum as being for the best interests of the parties.

Section 9 of the Workmen's Compensation act authorizes any employer or employee who shall desire to have the compensation, or any unpaid part of it, paid in a lump sum, to petition the Industrial Board asking that such compensation be so paid, "and if upon proper notice to the interested parties and a proper showing made before such board, it appears to the best interest of the parties that such compensation be so paid, the board shall order the commutation of the compensation to an equivalent lump sum, which

commutation shall be an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at three percentum per annum with annual rests."

The office of the writ of *certiorari* is to bring before the circuit court for review the decision of the Industrial Board upon questions of law, only. (Laws of 1915, sec. 19, par. (*f*), p. 349; *Courter* v. *Simpson Construction Co.* 264 Ill. 488.) The return to the writ must show that the Industrial Board had jurisdiction to make the order and that in doing so it acted legally. Copies of the notices to the parties of the filing of the petition for commuting the award to a lump sum are included in the return to the writ, but when they were served, how they were served or whether served at all is not shown, except by the recital in the order of the Industrial Board commuting the award to a lump sum that said board had "given proper notice to the parties hereto." We do not decide whether this would constitute an insuperable defect, but, whether it would or not, it would at least be much better practice for the return to show service of the notice otherwise than by a recital in the order of the board that proper notice had been given.

Upon the hearing of the petition the question to be determined by the board was whether it appeared to be for the best interests of the parties that the award should be commuted to a lump-sum payment. This could only be made to appear by some showing, in a competent and legal manner, of reasons why the prayer of the petition should be granted. Both parties have a right to be heard upon this question, but we do not think, as argued by counsel for plaintiff in error, that if the employer fails or refuses to appear after notice of the hearing, it devolves upon the petitioner to prove that it is for the best interests of both the parties that the award should be paid in a lump sum. If the petitioner makes a *prima facie* case and the employer does not appear to answer or make any showing, the board

would be authorized to order the award made in a lump sum. It was not intended that the employer could defeat the statute by not appearing at the hearing or cast the burden on the petitioner to make the showing for both parties. To authorize the board to grant the prayer of the petition the petitioner is required to support his application to have the award commuted to a lump sum by competent and legal evidence that it is for the best interests of the parties that the award be paid in a lump sum. The return made by the Industrial Board to the writ of *certiorari* issued by the circuit court does not show that any evidence was heard by the board, unless the statement of counsel above referred to be accepted as showing that evidence was heard. The return contains no record of any proceeding whatever on May 18, the date first set for the hearing on the petition. On May 25, the second date fixed for the hearing, counsel for Manojovich stated he would like to have the record show that on May 18 Manojovich appeared before the board and being duly sworn testified to certain things recited by counsel. This was taken down by a stenographer and is embraced in the return. In our opinion the return should contain the testimony of Manojovich and not merely a statement by his counsel of the substance of what he testified to on a former date. The return should show that the board acted upon evidence in commuting the award to a lump sum, and not merely the statement of counsel that it acted upon evidence, and what the evidence was. The return to the writ of *certiorari* does not show that the Industrial Board acted within its powers and proceeded legally in commuting the award to a lump sum, and the judgment of the circuit court confirming it was erroneous.

The judgment is reversed and the cause remanded for such orders and proceedings as may be justified by law.

*Reversed and remanded.*