(No. 11437.—Judgment affirmed.)

JOHANNA SCHWARM, Admx., Defendant in Error, *vs.* THE GEORGE THOMSON & SONS COMPANY, Plaintiff in Error.

*Opinion filed December 19, 1917.*

1. WORKMEN'S COMPENSATION—*party petitioning to have award commuted to lump sum need not show it to be for best interest of both parties.* A party petitioning to have an award commuted to a lump sum, under section 9 of the Workmen's Compensation act, need not show that it is for the best interests of both parties.

2. SAME—*courts of review cannot pass upon weight of evidence heard by the Industrial Board.* It is not within the province of the courts to pass upon the weight of the evidence heard by the Industrial Board, and it is only in cases where it is contended that there is no competent evidence to support the decision of the board that the evidence adduced is reviewed by the courts on the question of law thus raised.

3. SAME—*the question whether proper showing has been made for awarding of compensation in a lump sum is for the Industrial Board.* The question whether a proper showing has been made for the awarding of compensation in a lump sum rests entirely with the Industrial Board, and when any facts are shown which in the

judgment of the board warrant it in commuting the award to a lump sum on the ground that such commutation is for the best interest of the parties, its action is final and can be reviewed only for errors of law.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

JOHN A. BLOOMINGSTON, for plaintiff in error.

SOMMERS & SOMMERS, (WERNER H. SOMMERS, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Defendant in error, Johanna Schwarm, administratrix of the estate of Gottlieb Schwarm, deceased, filed her petition with the Industrial Board praying for the commutation to a lump sum of the compensation awarded her from George Thomson & Sons Company, plaintiff in error, on account of the death of her intestate. Proper notice was given plaintiff in error and a hearing was had upon the petition, which resulted in an order by the Industrial Board that the compensation be commuted to a lump sum of $2728.60. Thereupon defendant in error filed her petition in the circuit court of Cook county to have judgment entered upon this award. Before a hearing was had on the petition plaintiff in error filed a bill in chancery in the circuit court for the purpose of reviewing the award. The two cases were consolidated and heard together. The court confirmed the award and entered judgment thereon, and certified that this was a proper case to be reviewed by this court.

The sole question raised is as to the power and authority of the Industrial Board to commute the compensation to a lump sum. Section 9 of the Workmen's Compensation act provides that "any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the Industrial

Board, asking that such compensation be so paid, and if, upon proper notice to the interested parties and a proper showing made before, such board, it appears to the best interest of the parties that such compensation be so paid, the board may order the commutation of the compensation to an equivalent lump sum," etc. It is contended that there is no proof in the record that the commutation of the award to a lump sum was for the best interests of the parties. In support of her petition defendant in error showed that her intestate was her husband and that he left surviving him six children; that he died seized of real estate consisting of a house and lot in the city of Chicago; that the house had been built for about twenty-five years and was divided into five apartments, one of which was occupied by defendant in error and her family; that the other four apartments were rented and netted an income of approximately $200 per year; that the house was in a dilapidated condition and it was necessary to make repairs costing approximately $800 or more to make it tenantable; that by the expenditure of an additional $800 the house could be remodeled and converted into a place suitable to be conducted as a rooming house; that defendant in error was capable of conducting such an establishment, and that such a business would produce more of an income for herself and family than she could secure by renting the apartments. The proof thus tended to show that in order to preserve the real estate of which the defendant in error's intestate died seized for the benefit of his heirs-at-law it would be necessary that a considerable sum be expended upon it at once. Plaintiff in error appeared and was represented by counsel, and if it had desired to do so it would have been permitted to show that it was not to its best interest to have the compensation commuted to a lump sum. It was not incumbent upon defendant in error to show it to be for the best interests of both parties to have the compensation commuted to a lump

sum.  *Forschner & Co.* v. *Industrial Board,* 278 Ill. 99; *Goelitz Co.* v. *Industrial Board,* id. 164.

The Workmen's Compensation act provides that the circuit court shall have power, by writ of *certiorari,* to review all questions of law presented by the record of the board, and that the judgments, orders and decrees of the circuit court may be reviewed by the Supreme Court on writ of error.  It has been repeatedly held that it is not within the province of the courts to pass upon the weight of the evidence heard by the board.  (*Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11; *Munn* v. *Industrial Board,* id. 70; *Parker-Washington Co.* v. *Industrial Board,* id. 498.) It is only in cases where it is contended that there is no competent evidence to support the decision of the board that the evidence adduced is reviewed by the courts on the question of law thus raised.  .

Plaintiff in error's contention is that a proper showing was not made for the awarding of a lump sum in this case for the reason that the facts proven on behalf of defendant in error are not such as to warrant the Industrial Board to make an award in a lump sum, and we are asked to state under what circumstances, as a matter of law, the Industrial Board may or may not award such compensation.  The legislature has lodged this discretion entirely with the Industrial Board, and when any facts are shown which in the judgment of the Industrial Board warrant it in commuting the compensation allowed to a lump sum on the ground that such commutation is for the best interest of the parties, its action is final and can be reviewed only as in other cases for errors of law.  Facts were proven in this case which satisfied the Industrial Board that it was for the best interests of the parties that an award in a lump sum should be made, and as no error of law is presented for review the judgment of the circuit court is affirmed.

*Judgment affirmed.*