(No. 16468.—Reversed and remanded.)

THE SANGAMON COUNTY MINING COMPANY, Plaintiff in Error, *vs.* INDUSTRIAL COMMISSION *et al.*—(NELLIE HEALY, Defendant in Error.)

*Opinion filed February 17, 1925.*

1. WORKMEN'S COMPENSATION—*lump sum awards must be the exception rather than the rule.* The general plan of all compensation acts is that compensation shall be paid in weekly payments, so that it will, as nearly as possible, supply the loss of earnings resulting from the disability, and lump sum awards must be the exception rather than the rule.

2. SAME—*what must be shown to authorize lump sum award.* Before the Industrial Commission is authorized to commute the compensation and order it paid in a lump sum the petitioner must support the application by competent evidence showing that it is for the best interests of the petitioner that the compensation be so paid.

3. SAME—*mere desire of petitioner for lump sum award is not sufficient.* The State is concerned in preventing dissipation of

money paid as compensation and an early recourse to charitable aid, and the mere fact that the petitioner desires to have a lump sum award is not sufficient to authorize the Industrial Commission to order it so paid.

4. SAME—*evidence must be certain to authorize commuting part of compensation to lump sum.* To authorize commuting any part of compensation awarded to a widow and minor child to a lump sum for immediate use for medical treatment of the child or repairs on the home the evidence in regard to such matters must be definite and certain.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

BROWN, HAY & STEPHENS, for plaintiff in error.

J. A. LONDRIGAN, and PETER MURPHY, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of Logan county confirming the decision of the Industrial Commission commuting compensation awarded the widow and child of Tim Healy, deceased, to a lump sum.

Nellie Healy, the widow, testified that she has a daughter seventeen years old; that the daughter is not in good health and that a doctor recommended that she take her to a different climate; that they own a house and lot and an adjoining vacant lot in the city of Lincoln; that the house is worth about $2000; that the house needs a new roof and painting; that the house has six rooms; that if it were put in good repair she could rent it for about $40 a month; that she desires to purchase a smaller house and move it on the vacant lot for a home; that she desires to have the compensation awarded her commuted to a lump sum and paid to her as such so that she can make the changes in her prop-

erty. Her brother-in-law, John C. Healy, testified that her property is worth about $4000, and that if it were repaired and a furnace installed in it she could rent it for about $35 or $40 a month; that he knows of a little four-room house which can be bought for $900 and moved onto the vacant lot.

Section 9 of the Compensation act provides that where "it appears to the best interest of the parties that such compensation be so paid," the commission may order the commutation of the compensation awarded to an equivalent lump sum. This court has held that before the commission is authorized to commute the compensation and order it paid in a lump sum the petitioner must support the application by competent evidence showing that it is for the best interests of the petitioner that the compensation be so paid. (*Forschner & Co.* v. *Industrial Board,* 278 Ill. 99.) The general plan of all workmen's compensation acts is that compensation shall be paid in weekly payments, so that it will, as nearly as possible, supply the loss of earnings resulting from the disability. Lump sum awards should be the exception and not the rule. (*Roma* v. *Industrial Com.* 97 Ohio St. 247, 119 N. E. 461; *Bailey* v. *United States Fidelity and Guaranty Co.* 99 Neb. 109, 155 N. W. 237; 1 Honnold on Workmen's Compensation, sec. 179; Harper on Workmen's Compensation, sec. 185; Angerstein on Workmen's Compensation, sec. 202.) The State is concerned in preventing dissipation of the money paid and an early recourse to that charitable aid which systematic compensation aims to avoid. (*International Coal Co.* v. *Industrial Com.* 293 Ill. 524; *Goelitz Co.* v. *Industrial Board,* 278 id. 164.) The fundamental basis of workmen's compensation laws is that there is a large element of public interest in accidents occurring from modern industrial conditions, and that the economic loss caused by such accidents shall not necessarily rest upon the public but that the industry in which the accident occurred shall pay, in the first

instance, for the accident.  (*Clark Co.* v. *Industrial Com.* 291 Ill. 561.)  Generally, the best interest of the disabled workman or his dependents will be best served by paying the compensation in regular installments as wages are paid. Such payments supply in a measure the loss of the regular pay check.

The petitioner does not show that she has any business experience nor that the interest of herself and her child will be best served by a lump sum settlement.  According to her own testimony it would take practically all of the total sum awarded to repair and improve the house now on her lot and to buy and place on the other lot a small house for her home.  After these improvements had been made she would then have the prospective gross income of $480 a year.  She says she cannot live on the $14 a week awarded her, but she does not show how she can live any better on half that sum, which would be the entire net income received by her if she were permitted to carry out her plan. We think the evidence in this record clearly demonstrates that it is for the best interest of petitioner and her child to receive in weekly installments at least the major part of the compensation awarded.

We are unable to determine from this record whether any part of the compensation should be commuted to a lump sum and paid to petitioner for her immediate use in giving her daughter proper medical treatment or in repairing her home.  Her testimony is indefinite and uncertain and is not supported by other testimony.  No doctor testifies regarding the daughter's condition, and petitioner does not state what she plans to do with regard to treating her daughter or what immediate funds she needs for the purpose.  With respect to her house, she testifies that she has been told that it would cost $500 to put on a new roof, but she does not produce any witness who knows anything about the cost of such repairs.  If the petitioner desires a partial lump sum settlement she is at liberty to petition for

it.  Before favorable action can be taken on such a petition she must show by competent evidence that such a settlement is for the best interests of her and her child.  The mere fact that petitioner wants the compensation paid in a lump sum and thinks she ought to have the right to say how it should be paid is not a determinative factor.

The judgment is reversed and the cause is remanded to the circuit court, with directions to remand to the Industrial Commission for further proceedings.

*Reversed and remanded, with directions.*