(No. 18597.—

THE LINCOLN WATER AND LIGHT COMPANY, Plaintiff ·in
Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ED
DONNELLY, Defendant in Error.)

*Opinion filed October 25, 1928.*

THOMAS H. MURRAY, and COVEY & WOODS, for plaintiff in error.

CHARLES S. ANDRUS, for defendant in error.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Ed Donnelly, while employed by the Lincoln Water and Light Company as a lineman, came in contact with one of its high voltage wires and was severely burned. The in-

juries crippled his left arm at the elbow and necessitated the amputation of his right arm eight inches below the shoulder. Donnelly filed a claim for compensation with the Industrial Commission. The arbitrator found that the injuries sustained caused the total and permanent loss of the use of both arms, and awarded Donnelly $12.69 per week for 295 weeks, $6.45 for an additional week, and thereafter a pension during life of $25 per month. The arbitrator also found that the employer had paid $545.67 on account of the award. No petition for review was filed and the decision of the arbitrator became the decision of the Industrial Commission. Subsequently Donnelly filed with the Industrial Commission a petition in which he alleged that his injuries had wholly incapacitated him for work, but that having once been employed in an electrical store he had knowledge of that business. He therefore requested that the compensation awarded him be paid in a lump sum to enable him to engage in an electrical business and out of its profits to support himself and wife. Upon the hearing of this petition it appeared from Donnelly's testimony that he was thirty-three years of age and married; that he and his wife were childless and lived with her parents; that he had been an electrician for eight years and desired to engage in the electrical fixture business; that such a business required an initial investment of $1000; that this investment would be increased as the volume of business grew, and that owing to his inability to work he would be compelled to employ labor to conduct the business but that he would personally superintend it. Donnelly also desired to purchase a home, the cost of which he estimated to be $3000. On cross-examination he admitted that he had not determined where he would locate; that the electrical fixture business was attended with risks and was highly competitive and that within three or four years two firms engaged in the same business in his locality had failed. A local banker, who had been acquainted with Donnelly for five years, testified

that he was industrious and frugal; that in the opinion of the witness Donnelly would make good use of the award if it were paid to him in a lump sum and that he would be guided by the advice of the witness in financial matters. A retired automobile dealer and an electrician corroborated the banker's testimony concerning Donnelly's industry and frugality. No evidence was offered in behalf of the Lincoln Water and Light Company. The Industrial Commission ordered that the compensation awarded be commuted and paid in a lump sum, amounting to $7453.88, subject to written rejection in accordance with section 9 of the Workmen's Compensation act. The sum ordered paid was constituted as follows:

| | |
|---|---:|
| 226 weeks commuted | $2690.60 |
| 14 weeks accrued, at $12.69 per week | 177.66 |
| 1 week | 6.45 |
| Pension, according to Dr. Wigglesworth's table | 4579.17 |
| Total | $7453.88 |

The decision of the commission was confirmed by the circuit court of Logan county. The company petitioned this court for a writ of error. The prayer of the petition was granted, and the cause is here for a further review.

The first contention of plaintiff in error is that the commission's order commuting the compensation awarded Donnelly into a lump sum is not sustained by the evidence. The general plan of workmen's compensation acts is that compensation shall be paid in weekly payments, so that it will, as nearly as possible, supply the loss of earnings resulting from the disability. (*Sangamon Mining Co.* v. *Industrial Com.* 315 Ill. 532.) The State is concerned in preventing the dissipation of the money paid and the consequent recourse to that charitable aid which systematic compensation seeks to avoid. (*Sangamon Mining Co.* v. *Industrial Com. supra; International Coal Co.* v. *Industrial Com.* 293 Ill. 524; *Goelitz Co.* v. *Industrial Board,* 278 id. 164.) Better protection is afforded the injured employee by periodic pay-

ments of the compensation awarded, for under such a plan the money cannot be squandered, as would possibly be done if the whole award were paid at a given time. The installments of compensation are conserved to the beneficiary, for they are not subject to attachment, garnishment or other process by creditors. Generally, the interest of the disabled workman or his dependents will be best served by paying the compensation in regular installments, as wages are paid. Exceptional cases, however, may occur where the true interests of the parties are served by making lump sum settlements under proper conditions and safeguards. Hence section 9 of the Workmen's Compensation act (Cahill's Stat. 1927, p. 1229; Smith's Stat. 1927, p. 1345;) provides: "Any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the Industrial Board, asking that such compensation be so paid, and if, upon proper notice to the interested parties and a proper showing made before such board, it appears to the best interest of the parties that such compensation be so paid, the board may order the commutation of the compensation to an equivalent lump sum, which commutation shall be an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at three percentum per annum, with annual rests: *Provided,* that in cases indicating complete disability no petition for a commutation to a lump sum basis shall be entertained by the Industrial Board until after the expiration of six months from the date of the injury. * * * Either party may reject an award of a lump sum payment of compensation, except an award for compensation under section 7 or paragraph (*e*) of section 8 or for the injuries defined in the last paragraph of paragraph (*e*) of section 8, as constituting total and permanent disability, by filing his written rejection thereof with the said board within ten days after notice to him of the award, in which

event compensation shall be payable in installments as herein provided."

Lump sum awards are the exception and not the rule. Before the Industrial Commission is authorized, by virtue of section 9, to commute the compensation and order it paid in a lump sum the injured employee must support his application by competent evidence showing that it is for his best interests that his compensation be so paid. (*Sangamon Mining Co.* v. *Industrial Com. supra; Forschner & Co.* v. *Industrial Board,* 278 Ill. 99; *Goelitz Co.* v. *Industrial Board, supra.*) Unless it be made clearly to appear that the money will be properly safeguarded and that it will increase the disabled workman's means of support the prayer of his petition for a lump sum settlement should be denied.

The commuted compensation ordered paid in the instant case amounts to $7453.88. Out of this sum defendant in error desires to invest about $3000 in a home and $1000 in an electrical fixture business and to retain the balance of approximately $3500 for other uses not specifically defined. No showing was made that defendant in error could purchase a satisfactory home at the price indicated, or if he could that it would be a wise or profitable investment for a person in his circumstances. He had been employed as an electrician for eight years but he had never conducted a business of his own. He admitted that competition in the electrical fixture business was keen and that its risks were many. The community in which he desired to engage in business he had not selected. The only plan he had formulated was that his initial investment in the business, wherever located, would be $1000, and that he would increase that investment out of the balance of the commuted award from time to time as the volume of his business grew. That balance, when subjected to successive appropriations for the conduct of his business, could not be invested for considerable periods or to yield a satisfactory return. The purpose of defendant in error to improve his situation is, indeed,

to be commended, but to embark in a business venture under the circumstances shown would give greater assurance of failure than of success. The weekly payments of compensation, followed by the pension payable monthly, admittedly necessary for his support, would by the commutation of the award into a lump sum have ended, and failure in business would result in the loss of a substantial portion of the commuted compensation. From the evidence it does not appear that the best interest of defendant in error will be served by the payment of his compensation in a lump sum. The prayer of his petition should therefore have been denied.

Plaintiff in error further contends that it was not the intention of the General Assembly that the pension authorized by paragraph (f) of section 8 of the Workmen's Compensation act should be commuted and ordered paid in a lump sum. Since the evidence in the instant case is insufficient to justify the commission's order, consideration of this contention is unnecessary.

Defendant in error argues that the commission's order afforded plaintiff in error an opportunity to reject in writing the commutation of the award to a lump sum; that plaintiff in error failed to file such rejection in accordance with the order, and hence that it cannot now be heard to complain. Defendant in error, by the commission's finding, suffered the complete and permanent loss of the use of both arms. Sub-paragraph 18 of paragraph (e) of section 8 of the Workmen's Compensation act provides that such loss of use suffered in one accident shall constitute total and permanent disability. By section 9 of the act, an award of a lump sum payment, where compensation was allowed by virtue of that sub-paragraph, as was done here, is not subject to rejection.

The judgment of the circuit court is reversed and the order of the Industrial Commission is set aside.

*Judgment reversed and order set aside.*