(No. 3651—

GEORGE HARPER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 8, 1942.*

WALTER G. HAGEMEYER, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

Claim was filed October 27, 1941, wherein claimant asks for an award under the Illinois Workmen's Compensation Act for temporary total incapacity, permanent partial disability, and for medical expenses necessitated by the accident. Claimant prays for an award of Three Thousand Three Hundred Fifty-nine and 44/100 Dollars ($3,359.44) and an annual pension of 8%, and also asks that a lump sum settlement be ordered.

Claimant was employed as a maintenance patrolman's helper in the Department of Public Works and Buildings, Division of Highways. On the 31st day of July, 1940 while so employed, claimant was standing on a truck lifting a corrugated iron pipe when the pipe slipped and claimant lost his balance and fell backwards off the truck striking his head on the pavement. Claimant suffered a fracture of the skull and concussion of the brain. Claimant was married and had one child under the age of sixteen years at the time of the injury. He was first employed by the Division of Highways on August 15, 1936, and during the year next preceding the accident he earned $1,239.00.

Inasmuch as respondent had notice of the accident on the day it occurred and complaint was filed within a few days after the last payment of compensation, the court finds that the jurisdictional requirements of Section 24 of the Workmen's Compensation Act have been complied with. It is also apparent from the evidence in this case that claimant was injured in the course of and out of his employment.

In arriving at the award to be made in this case, there are two things for the court to determine—the period of temporary total incapacity, and whether or not claimant has a permanent partial disability.

From the evidence, it appears that claimant's doctor certified him ready and he did return to work on December 10, 1940. After working a few days, he discovered that he became dizzy upon bending over, and it was necessary for him to cease work. He was then sent to Dr. Abraham Ettleson in Chicago, who reported that his headaches and dizziness would probably cease in time but that it was impossible to state how long a time this would take as it varies considerably in different individuals.

In consideration of all the evidence, this court is of the opinion that claimant's period of temporary total incapacity

should terminate on the day he returned to work, and that he is entitled to permanent partial disability under the Workmen's Compensation Act. Accordingly, the court finds, that claimant was temporarily totally incapacitated from the date of his injury, July 31, 1940, until December 10, 1940, a period of nineteen weeks. He has one child under sixteen years of age and, under Section 8, paragraphs (b) and (j) of the Workmen's Compensation Act, he is entitled to 55% of his average weekly wages which were $23.84, or $13.11, to which is added under paragraph (1), 10% or $1.31, making his weekly compensation rate $14.42, which amount he is entitled to receive for nineteen weeks, or a total of $273.98 for temporary total incapacity. Claimant is also entitled to receive, under Section 8, paragraph (d) for his permanent partial disability, 50% of the difference between the average amount which he earned before the accident and the average amount which he is able to earn, or his earnings after the accident. Inasmuch as his average weekly wage was $23.84 and the testimony shows that he is now able to earn $18.00 a week, he is entitled to 55% of $5.84, or $3.21 weekly, to which is added 10%, making a total of $3.53. He is entitled to this amount under paragraph (h), Section 8, of the Workmen's Compensation Act for 416 weeks, making a total for permanent partial disability of $1,468.48.

All the bills covering medical and hospital services rendered to claimant were paid by respondent except the amount of $26.40 paid by claimant for transportation costs to Peoria for medical treatment, for which the amount the court finds claimant should be reimbursed.

The award to which claimant is entitled is computed as follows:

(a) Temporary total incapacity, 19 weeks @ $14.42 per week, or ...............................................$ 273.98

(b) Permanent partial disability, 416 weeks @ $3.53 per week, or ............................................... 1,468.48

(c) Reimbursement for traveling expenses covering trips to Peoria for medical treatments........................ 26.40

a total of............................................$1,768.86

less the amount paid claimant for temporary total incapacity of..... 1,083.23

leaving balance due of..................................$ 685.63

Claimant requests a lump sum award, and in support thereof testified that he wanted to use the money to pay off an

existing $800.00 mortgage on his home and to open up a lunch room at a cost of approximately $1,000.00. This court is of the opinion, from the evidence before it, that the request for a lump sum must be denied.

*Lincoln Water Company* vs. *Ind. Com.*, 332 Ill. 64.

Claimant was paid $1,083.23 for temporary total incapacity whereas he was entitled to receive $273.98, together with the sum of $26.40 for reimbursement for traveling expenses, a total of $300.38, so that he was overpaid the sum of $782.85.

Under Section 8, paragraph (h), claimant is entitled to permanent partial disability from the date of the accident— 416 weeks. He has already been paid because of this overpayment, compensation for 221 weeks and $2.72 additional. In other words, he has been paid up to and including October 26, 1944, and he also received $2.21 of the payment that would be due him on November 2, 1944.

The court finds that claimant is entitled to have and to receive from respondent the sum of $685.63, payable $.81 on November 2, 1944, and the sum of $3.53 weekly thereafter for a period of 194 weeks.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.