(No. 3716—

JELMAR OLSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1944.*

WILLIAM G. THON, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

FISHER, J.

An award was heretofore entered in favor of the claimant herein, in the sum of $4,400.00—(12 C. C. R. 468).

On September 29, 1943, claimant filed a petition herein for a lump sum settlement and payment of the balance due under the said award. On November 30, 1943, an amended petition for a lump sum settlement was filed, alleging that as a result of the injury sustained by claimant on August 4, 1941, he is no longer able to work or follow his occupation of painter and that he is unable to do any manual labor and that he has now retired to his farm in the State of Indiana consisting of 100 acres. That in order to secure any income out of the said farm it is necessary that he employ someone to work and operate the farm, and that in order for this to be accomplished it is necessary that he purchase the necessary farm machinery as he has no farm machinery of any kind with which to operate the said farm. That it is necessary to purchase the following farm machinery— one tractor to cost about $950.00; one two-gang plow to cost about $190.00; one double disc plow to cost about $250.00; and in addition thereto a seeder, cultivator and corn planter to cost about the sum of $300.00, making a total required for farm machinery of the sum of approximately $1,700.00.

Respondent, on December 8, 1943, filed an answer to the said petition, and suggests that there is no proof other than the allegation of the claimant that he is no longer able to do normal and manual labor, and further suggests "The physical condition of claimant was fully set out in the original proceedings in *Olson* vs. *State,* 12 C. C. R. 468, in the testimony of Dr. Bailey and Dr. Spie-

gel. The respondent is not further informed as to claimant's present physical condition."

In our original opinion, we said, "The record indicates that the duration of claimant's disability is indefinite and, therefore, the payments herein awarded claimant shall cease when and if claimant is able to resume his former occupation or is able to engage in some other occupation or business whereby his income is equal to his earnings before the injury occurred, or when the maximum payment has been reached, whichever first occurs."

As suggested by respondent, there is no showing in the record of claimant's present physical condition, other than the petition for a lump sum settlement.

"An award under the Compensation Act is intended, so far as possible, to supply the loss of periodical wages resulting from the disability, and lump sum awards are the exception and not the rule; and before commutation of the award to a lump sum is authorized under Section 9 the injured employee must support his application therefor by competent evidence showing that it is for his best interest that the compensation be so paid, and unless it clearly appears that the money will be properly safeguarded and that it will increase the disabled workman's means of support the prayer of his petition for a lump sum settlement should be denied.

*The Lincoln Water and Light Company*, vs. *The Industrial Commission*, 332 Ill. 64.

"Before the Industrial Commission is authorized to commute the compensation and order it paid in a lump sum the petitioner must support the application by competent evidence showing that it is for the best interests of the petitioner that the compensation be so paid."

*The Sangamon County Mining Company*, vs. *Industrial Commission*, 315 Ill. 532.

Under the present state of the record, we have no authority to authorize the payment of the balance of this award in a lump sum.

Petition is therefore denied.