(No. 42981.—

JOHNS-MANVILLE PERLITE CORP., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GEORGE R. PLESE, Appellee.)

*Opinion filed Dec. 4, 1970.—Rehearing denied Jan. 27, 1971.*

WILLIAMS & DISCIPIO, (VITO D. DeCARLO, of counsel.) for appellant.

Horwitz, Anesi & Ozmon, of Chicago, (Sidney Z. Karasik, of counsel,) for appellee.

Mr. Justice Burt delivered the opinion of the court:

This is an appeal from an order of the circuit court of Will County in a workmen's compensation case in which the only issue is the propriety of an order of the Industrial Commission approving a lump sum settlement.

George R. Plese was injured on December 12, 1962, while employed by Johns-Manville Perlite Corp. and filed an application for adjustment of claim under the Workmen's Compensation Act and on September 18, 1864, a decision of the arbitrator was rendered allowing petitioner $51 a week for 64 weeks as temporary total disability and an additional 210⅚ weeks at $51 a week for permanent and complete loss of use of the left leg to the extent of 66⅔% thereof and permanent and complete loss of use of the right foot to the extent of 50% thereof. On review the decision was affirmed, on November 13, 1964. Plese, while in the hospital, filed a petition for a lump sum settlement on January 21, 1965, in which he alleged he believed it to be for the best interests of the parties that compensation due and to become due be paid in a lump sum for the reason that petitioner was "suffering from a serious ailment and has been continuously confined in St. Joseph's Hospital, Joliet, Illinois, since July 28, 1964, and will continue to require hospitalization for an undeterminable time. He has incurred hospital expenses to date of over $7,000.00 and an unknown amount of medical expenses." He requested the lump sum be paid in full in order to liquidate these outstanding items.

At the time this petition was filed, on January 21, 1965, Plese was suffering from terminal cancer. On February 26, 1965, after a hearing, the Industrial Commission entered a lump sum settlement order in favor of petitioner for $7,895.64.

Petitioner died less than a month later, on March 19, 1965, leaving no widow or child, and no other assets.

The circuit court affirmed the Industrial Commission on *certiorari*, and the employer appeals.

The statute then applicable to lump sum settlement (Ill. Rev. Stat. 1963, ch. 48, par. 138.9) provided, in relevant part, that any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the Commission directing that such compensation be so paid, and if it appears upon a proper showing that it is to the best interests of the parties that such compensation be so paid, the Commission may order the commutation of the compensation.

This section has been interpreted to mean that if it appears to be for the best interests of the petitioner, the Commission may order commutation of the award. *Schwarm* v. *George Thomson & Sons Co.,* 281 Ill. 486; *Lincoln Water and Light Co.* v. *Industrial Com.,* 332 Ill. 64; *T. J. Forschner & Co.* v. *Industrial Board,* 278 Ill. 99.

Appellant company contends in this court that lump sum settlements are the exception rather than the rule, citing *Lincoln Water and Light Company* v. *Industrial Com.,* 332 Ill. 64, 68, where the court stated: "Lump sum awards are the exception and not the rule. Before the Industrial Commission is authorized, by virtue of section 9, to commute the compensation and order it paid in a lump sum, the injured employee must support his application by competent evidence showing that it is for his best interests that his compensation be so paid."

An award on arbitration abates with the death of the petitioner. (*Central Illinois Light Co.* v. *Industrial Com.,* 359 Ill.430); so for this reason and because of the imminent death of petitioner, the employer could expect to gain by objecting to the settlement.

The cases cited by the company in support of its position indicate the concern of the court for the best interests of the

petitioner in the varying situations considered, and where the settlements were disapproved it was usually because of the risks involved in the proposed uses of the funds and the court's concern that if petitioner later suffered reverses and lost the money, he would be in serious financial trouble. In effect, the court has applied sound business judgment to the surrounding circumstances in each case.

Thus, in the case of *Lincoln Water and Light Co.* v. *Industrial Com.*, 332 Ill. 64, the petition was denied when it appeared that the money was to be used to finance a new venture, the electrical business, in which petitioner had no previous experience and competition was keen in the area.

In the case of *H. W. Clark Co.* v. *Industrial Com.*, 291 Ill. 561, the mother of a deceased employee petitioned for a lump sum award contending that her home was in need of repairs, and money was needed for a monument, funeral, hospital, and medical expenses, but the court said the lump sum award was not for the benefit of creditors of beneficiaries of decedent and denied the petition.

Lump sum settlements were also denied for remodeling and enlarging a beauty shop operated by petitioner and to pay bills for the widow and minor child of deceased (*Swift & Co.* v. *Industrial Com.*, 381 Ill. 77); to purchase a small home and move it onto a vacant lot while making improvements on her old home for the purpose of renting it (business experience not shown) (*Sangamon County Mining Co.* v. *Industrial Com.*, 315 Ill. 532); to repair and paint home, but no showing of ability to manage petitioner's own affairs (*Illinois Zinc Co.* v. *Industrial Com.*, 355 Ill. 253); to buy house occupied by petitioner as tenant (but no sufficient income to provide for needs of self and wife). *Sunlight Coal Co.* v. *Industrial Com.*, 350 Ill. 125.

Approval was given in *Schwarm* v. *George Thomson & Sons Co.*, 281 Ill. 486, where remodeling and repairs to make a portion of the house suitable for rooming house to provide income for the widow and children.

In the case at bar, the circumstances surrounding the filing of this petition show that petitioner was a dying man, with a hospital bill accruing, as well as a medical bill, with no other assets than his award, and no certainty as to his ability to pay his full hospital bill.

We think that these circumstances make it clear that the best interests of the petitioner, when the lump sum settlement was approved, require that this award be approved.

Findings of facts by the Industrial Commission should be confirmed unless manifestly against the weight of the evidence. *Barto* v. *Industrial Com.*, 359 Ill. 625; *Clausen* v. *Industrial Com.*, 346 Ill. 474.

Here the decision of the Industrial Commission is in accord with the manifest weight of the evidence and the judgment of the circuit court is affirmed.

*Judgment affirmed.*