(No. 56135.—)

GENE BAGWELL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Inland Steel Coal Company, Appellee).

*Opinion filed February 4, 1983.*

Feiger, Quindry, Molt, Harvey, Fyie & Hawkins, of Fairfield (Morris Lane Harvey, of counsel), for appellant.

Carter Harrison and Elmer Jenkins, of Benton, for appellee.

JUSTICE CLARK delivered the opinion of the court:

An arbitrator awarded permanent total disability compensation to claimant, Gene Bagwell, for an accidental back injury he suffered which arose out of and in the course of his employment with respondent, Inland Steel Company. The Industrial Commission sustained the arbitrator's decision, finding that claimant was entitled to receive $153.73 per week for life. (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(f).) The circuit court of Franklin County confirmed the decision of the Industrial Commission, and this court affirmed the decision of the circuit court. (*Inland Steel Coal Co. v. Industrial Com.* (1980), 81 Ill. 2d 61.) Following the decision in this court, the claimant filed a petition for lump-sum payment of his

award pursuant to section 9 of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.9). The Industrial Commission denied the claimant's petition for lump-sum payment, and the circuit court of Franklin County confirmed the decision of the Industrial Commission. It is from that decision that petitioner appeals.

Section 9 of the Workers' Compensation Act provides in pertinent part:

> "Any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the Commission, asking that such compensation be so paid. *If, upon proper notice to the interested parties and a proper showing made before such Commission or any member thereof, it appears to the best interest of the parties that such compensation be so paid, the Commission may order the commutation of the compensation to an equivalent lump sum,* which commutation shall be an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at 3% per annum with annual rests.
>
> In cases indicating complete disability no petition for a commutation to a lump sum basis shall be entertained by the Commission until after the expiration of 6 months from the date of the injury." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 48, par. 138.9.

Petitioner asserts that the Industrial Commission improperly denied his petition for a lump-sum payment because it erroneously interpreted section 9 to require that a lump-sum commutation be in the best interests of *both parties*. Petitioner contends that the Commission should only look to the petitioner's best interests to determine if a lump-sum should be awarded. Petitioner relies on *Johns-Manville Perlite Corp. v. Industrial Com.* (1970), 47 Ill. 2d 476, for that proposition.

In *Johns-Manville*, the court allowed a lump-sum commutation, finding that petitioner sufficiently proved such an award was in his best interests. The petitioner in that

case was awarded a specific award of $210^{5}/_{6}$ weeks at $51 a week. The court noted that an award on arbitration abates with the death of the petitioner and stated that, because the death of the petitioner was imminent (petitioner was suffering from terminal cancer), the employer could expect to gain by objecting to the settlement. The court, in referring to section 9, stated, "This section has been interpreted to mean that if it appears to be for the best interests of the petitioner, the Commission may order commutation of the award." (47 Ill. 2d 476, 478.) Three cases were cited in support of that statement. In all three cases that were cited the employers (respondents to the petitions) did not contest the employee's petition for a lump sum. (*Lincoln Water & Light Co. v. Industrial Com.* (1928), 332 Ill. 64; *Schwarm v. George Thomson & Sons Co.* (1917), 281 Ill. 486; *T. J. Forschner & Co. v. Industrial Board* (1917), 278 Ill. 99.) The court in those three cases did not state that the respondent's best interests were irrelevant; it just stated that the petitioner was not required to prove that it was in the best interests of both parties to have the award paid in a lump sum and since none of the respondents objected to the petition for a lump-sum payment in those cases, the Industrial Commission and the court focused on whether the petitioner proved that it was in his best interests that a lump sum be awarded. The court in *Johns-Manville* erroneously interpreted these three cases to mean that the respondent's best interests were irrelevant. It is clear upon a careful examination of the cases upon which *Johns-Manville* relies that the respondent's best interests are relevant. To the extent that *Johns-Manville* holds that a respondent employer's best interests are irrelevant we today overrule it.

In *Schwarm*, the respondent employer appeared and was represented by counsel but did not desire to show that it was not to its best interest to have the compensation commuted to a lump sum. The Industrial Commission de-

termined that it would be in the petitioner's best interests to make the award in a lump sum and since the employer did not object, it assumed that it was also in the employer's best interests as well. The court, in referring to the Industrial Commission's decision as to whether a lump sum should be awarded, stated, "The legislature has lodged this discretion entirely with the Industrial Board, and when any facts are shown which in the judgment of the Industrial Board warrant it in commuting the compensation allowed to a lump sum on the ground that such commutation is in the *best interest of the parties*, its action is final and can be reviewed only as in other cases for errors of law. Facts were proven in this case which satisfied the Industrial Board that it was for the *best interests of the parties* that an award in a lump sum should be made, and as no error of law is presented for review the judgment of the circuit court is affirmed." (Emphasis added.) 281 Ill. 486, 489.

In the instant case the Industrial Commission correctly interpreted section 9 to require that the best interests of both parties be served before a lump-sum payment will be awarded. The clear language of the statute states that the best interests of both parties are to be considered. The word "parties" cannot be construed to apply only to the petitioner.

Since we have determined that both parties' best interests are to be considered in determining whether an award should be commuted to a lump sum, it is necessary to address petitioner's next contention regarding what he considers to be an internal conflict in the statutory scheme of the Workers' Compensation Act. The Industrial Commission decided that a lump-sum commutation was not proper in this case because it was not in the respondent's best interests. The Commission compared the instant case to the case of *Walter Ingstrup & Co. v. Industrial Com.* (1944), 385 Ill. 341. In both cases the petitioners were awarded weekly payments under section 8(f) of the Act (Ill. Rev.

Stat. 1977, ch. 48, par. 138.8(f)). An award under section 8(f) is subject to certain contingencies that would cause payments to either cease or be modified if petitioner is able to return to work or if the petitioner dies. The respondent has certain rights if either one of these contingencies occurs. Petitioner contends that due to the contingencies in section 8(f) it would never be in the best interests of the respondent to pay the award in a lump sum. Therefore, given the language in section 9 (Ill. Rev. Stat. 1977, ch. 48, par. 138.9) which indicates that the legislature clearly contemplated that awards under section 8(f) could be commuted to a lump sum (section 9 refers to "cases indicating complete disability" and section 8(f) is the section which deals with complete disability), the two sections, the petitioner asserts, are logically inconsistent. The petitioner's basic premise is erroneous. Some respondents would rather pay a lump sum which is discounted to its present value than administer weekly or monthly payments, even though there is a chance that an injured employee may return to work and the award will be modified or the employee will die and the payments will cease. Where it is clear that the respondent objects to the payment of a lump sum because it feels that its best interests will not be served, however, the Commission must examine the evidence to see if the respondent has shown that indeed it would not be in its best interests to award a lump sum.

Lump-sum awards are the exception and not the rule. (*Lincoln Water & Light Co. v. Industrial Com.* (1928), 332 Ill. 64, 68.) And since whether an award of a lump sum is in a party's best interests is a question of fact (see *Schwarm v. George Thomson & Sons Co.* (1917), 281 Ill. 486), if the Industrial Commission determines that it is not in a party's best interests, that decision, as a finding of fact, should be confirmed unless against the manifest weight of the evidence (*Motor Wheel Corp. v. Industrial Com.* (1979), 75 Ill. 2d 230, 236-37). In this case we do not

find the Industrial Commission's finding is against the manifest weight of the evidence.

Accordingly, for all the reasons stated, the judgment of the circuit court confirming the decision of the Industrial Commission denying claimant's petition for a lump-sum award is affirmed.

*Judgment affirmed.*