DANIEL REED NUNN, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (American Can Company, Appellants).

Fourth District (Industrial Commission Division)   No. 4—84—0830WC

Opinion filed November 5, 1985.

Robert B. Young, of Gifford, Detuno & Gifford, Ltd., of Chicago, for appellant.

Dukes, O'Rourke, Stewart, Martin & Helm, Ltd., of Danville, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

We are asked to decide whether the Industrial Commission properly denied claimant's petition for commutation of his permanent total disability award to a lump sum.

Claimant, Daniel Reed Nunn, filed an application for adjustment of claims for an accidental back injury which occurred on September 5, 1977, and which arose out of and in the course of his employment with appellant American Can Company. On October 1, 1982, an arbitrator awarded permanent total disability compensation to claimant, and no appeal was taken by the employer. Under the award, claimant receives $187.52 per week from the employer for life. The claimant subsequently filed a petition for lump sum payment of his award pursuant to section 9 of the Workers' Compensation Act. (Ill. Rev. Stat. 1983, ch. 48, par. 138.9.) The Industrial Commission denied the claimant's petition for lump sum payment, but the circuit court of Vermilion County reversed the Commission's decision. The employer appeals.

Section 9 of the Workers' Compensation Act provides in pertinent part:

> "Any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the Commission, asking that such compensation be so paid. If, upon proper notice to the interested parties and a proper showing made before such Commission or any member thereof, it appears to the best interest of the parties that such compensation be so paid, the Commission may order the commutation of the compensation to an equivalent lump sum, which commutation shall be an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at 3%

per annum with annual rests."

Claimant was the only witness to testify before a commissioner at the hearing on his petition for commutation. Claimant testified that he was 47 years old, and had two sons, 19 years and 16 years of age. One son was attending junior college while the other son was in high school. Claimant was still under treatment by two doctors. He saw one doctor twice a week and was also taking pain pills. The condition of his back remained the same as at the prior hearings. Claimant was receiving $187.52 per week from the employer since 1978, and that amount was "hardly enough really to get by on because the way the cost of living and everything is today." Claimant also testified that he and his family were undergoing financial hardship. His wife had to go to work, but now was laid off. Claimant's friend was doing the same work that claimant had performed for the employer and the friend was now receiving $350 per week. Claimant owned a home. At a previous hearing, he had testified that he had a mortgage of $18,000 and his payments were $140 per month. In addition to the weekly award, claimant was receiving $247 per month from Social Security. The Social Security payment would increase after claimant repaid an overpayment.

A table showing that claimant had a life expectancy of 27 years was also admitted in evidence. Claimant also introduced into evidence present cash value valuations showing the present value of the weekly award reduced at 3% to a lump sum was $178,707.31.

After claimant testified, the presiding commissioner expressed concern that in accepting a lump sum payment claimant would be forfeiting the benefit of the annual rate adjustment fund award from the State to parties receiving permanent total disability awards. (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(g).) According to the commission, the rate adjustment award amounted to 7.8% per year. The commissioner also voiced concern about the dissipation of the lump sum and asked claimant what he intended to do with the money. Claimant replied:

"Well, I would put it in the bank and draw the interest off of it. I mean, you know, the interest off of that would, well, be a lot of money, I imagine, to live off of."

The commissioner pointed out that such a savings account would be subject to taxation and would amount to about $9,500 per year, approximately the same amount of money claimant was receiving under the weekly award. Thereafter, the Commission entered an order denying claimant's petition for a lump sum payment. In its order, the Commission stated that claimant failed to prove that commutation to a lump sum award would be in the best interest of the parties, includ-

ing the employer.

Claimant sought a writ of certiorari to the circuit court of Vermilion County and the court reversed the decision of the Commission. The court stated in its order that the only evidence was offered by claimant; that claimant's uncontradicted evidence was that a commutated award would substantially increase his economic circumstances and his ability to support his family; that claimant was suffering economic hardship trying to support himself and his family; that the Commission's decision was contrary to the manifest weight of the evidence; and that the evidence revealed that the present cash value of the lump sum payment was $178,707.31.

On appeal the employer contends that the claimant failed to prove that commutation was in his own best interest. Pointing out that if claimant died or was able to return to work, its payments would cease, the employer also maintains that claimant failed to prove that commutation was in the employer's best interest.

■■■ The interests of both employer and employee are relevant in deciding whether a permanent total disability award being received in installments should be reduced to a lump sum payment. (*Bagwell v. Industrial Com.* (1983), 94 Ill. 2d 101, 445 N.E.2d 773; Ill. Rev. Stat. 1983, ch. 48, par. 138.9.) And it is well settled that lump sum awards are the exception and not the rule. (*Bagwell v. Industrial Com.* (1983), 94 Ill. 2d 101, 445 N.E.2d 773; *Skaggs v. Industrial Com.* (1939), 371 Ill. 535, 21 N.E.2d 731.) The rationale for limiting lump sum awards to exceptional circumstances is to safeguard the money and unless it clearly appears that the disabled worker's means of support will increase, a petition for a lump sum settlement should be denied. (*Lincoln Water & Light Co. v. Industrial Com.* (1928), 332 Ill. 64, 163 N.E. 381.) Since a determination by the Commission as to whether an award of a lump sum is in the parties' best interest is a question of fact, the Commission's decision should be confirmed unless it is against the manifest weight of the evidence. *Bagwell v. Industrial Com.* (1983), 94 Ill. 2d 101, 445 N.E.2d 773.

The record in the present case contained ample evidence to support the Commission's decision that it was not in claimant's best interest to receive a lump sum payment of his permanent total disability compensation. Claimant's only plan for the money was to place it in a savings account at a bank and live off the interest. As the presiding Commissioner pointed out, such a plan would result in no greater income for the claimant than his present weekly disability award. And considering the vagaries and uncertainties of interest rates, today and in the future, claimant's plan does not afford concrete safeguards

against dissipation of the lump sum. Additionally, while the present weekly award is not taxable, the interest accruing from the savings account would be taxable. Moreover, in accepting a lump sum payment, the claimant would be forfeiting his right to the benefit of the annual rate adjustment fund award from the State for recipients of permanent total disability awards. (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(g).) And finally, while the matter was not discussed at the hearing before the commissioner, the Commission was entitled to consider that claimant would be paying substantial attorney fees out of the lump sum payment.

■ In stressing that claimant's testimony in support of his claim for a commutated award was uncontradicted and unrebutted, the trial court overlooked the requirement that the Commission must consider all the statutory factors in determining whether the lump sum payment is in the claimant's best interest. (*Bagwell v. Industrial Com.* (1983), 94 Ill. 2d 101, 445 N.E.2d 773; Ill. Rev. Stat. 1983, ch. 48, par. 138.9.) The Commission's denial of claimant's petition was proper in view of the various factors we have noted: the failure to show that claimant's income would be increased, the lack of safeguards, the taxability of the savings account, the forfeiture of the annual rate adjustment fund award, and the expense of attorney fees.

■ Since we find that the Commission correctly held that a commutated award was not in claimant's best interest, it is unnecessary to consider the employer's additional contention that such an award was not in its best interest.

Accordingly, the judgment of the circuit court of Vermilion County setting aside a decision of the Industrial Commission is reversed, and the cause is remanded with instructions to confirm the decision of the Commission denying claimant's petition for a commutation of his permanent total disability award to a lump sum.

Reversed and remanded.

WEBBER, P.J., and LINDBERG, BARRY and KASSERMAN, JJ., concur.