MICHAEL CHAPMAN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Mobley Service, Inc., Appellee).

Fifth District (Industrial Commission Division)   No. 5—87—0783WC

Opinion filed June 27, 1988.

Mark E. Ferguson, of Harlan Heller, Ltd., of Mattoon, for appellant.

Robert Hendershot, of Evans & Dixon, of St. Louis, Missouri, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Following a hearing before the arbitrator, claimant, Michael Chapman, was awarded the sum of $160.75 per week for life due to permanent disabling injuries he sustained while working for the respondent, Mobley Services, Inc. The arbitrator found that the claimant should continue to obtain treatment at the Outreach Head Injury Program in Carbondale, Illinois, until such time that nothing further could be done to benefit the claimant.

Claimant thereafter filed a petition for lump sum payment of his award pursuant to section 9 of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.9), and a hearing on that petition was held before the Industrial Commission.

At the hearing, it was established that claimant had been adjudged a disabled person and that his parents had been appointed guardians of his estate. Since claimant's accident, his wife, Connie J. Chapman, had received a dissolution of her marriage to the claimant and had married David R. Mobley, Sr., the proprietor of the respondent. At the time of her marriage to Mobley, Connie was pregnant with his child and, subsequently, gave birth to David R. Mobley, Jr. At the time of the hearing before the Commission, the issues in the dissolution proceeding relating to custody, child support, and the distribution of marital assets and the allocation of marital debt remained pending and undetermined.

Several witnesses testified on behalf of the claimant. William Carnagey, director of the outreach program, testified concerning ongoing care and treatment claimant received at the outreach program and as to certain unpaid charges. According to Carnagey, the ongoing divorce proceedings added additional frustration to claimant's life and

that in view of his accident and the breakup of his marriage, it would be beneficial to claimant to conclude the property distribution so that he could get on with his life.

Betty Chapman, claimant's mother and guardian, testified that if the divorce were settled, it would then be possible for claimant to let go of the past.

Connie Chapman Mobley, former wife of the claimant, testified that the subject of the divorce is a source of irritation to her present husband, David Mobley, in that David believes that there was still something between Michael and her. In her opinion, if the bills were paid, the divorce could be settled, and claimant would be out of her life, and she would not have to deal with him again.

David Mobley, Sr., Connie's present husband, testified that he would like Connie to be totally free from her former marriage and that in order for this to happen, claimant needed the money from the lump sum settlement to clean up the debts and settle the divorce case.

Donald E. Creek, affiliated with Money Financial Services, testified that the lump sum commutation of all benefits came to $212,510.

The parties stipulated that David Rowland, claims manager of General Accident Group, the worker's compensation insurer of respondent, would testify that the lump sum commutation is not in the best interest of the insurer or the respondent. The commutation was opposed because of the speculative nature of the claimant's life expectancy, as well as the use of an interest rate of 5½% to compute the value. The insurance company could invest this sum at a greater return using a smaller lump sum to fund all the benefits. It would impose a penalty on the insurance company to use an artificially low interest rate for the commutation of the present value of the benefits.

Finding there was insufficient evidence to support a lump sum settlement, the Industrial Commission denied claimant's petition for lump sum benefits. The circuit court of White County confirmed the decision of the Industrial Commission. This appeal followed.

The sole issue raised on appeal is whether there was sufficient evidence in the record demonstrating that it was in the best interests of both the claimant and the respondent to award a lump sum benefit to the claimant. Section 9 of the Workers' Compensation Act provides in pertinent part:

> "Any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the Commission, asking that such compensation be so paid. If, upon proper notice to the interested

parties and a proper showing made before such Commission or any member thereof, it appears to the best interest of the parties that such compensation be so paid, the Commission may order the commutation of the compensation to an equivalent lump sum, which commutation shall be an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at the maximum rate of interest payable by member banks of the Federal Reserve System on passbook savings deposits as published in Regulation Q or its successor or, if Regulation Q or its successor is repealed, then the rate in effect on the date of repeal." Ill. Rev. Stat. 1985, ch. 48, par. 138.9.

■ It is well settled that lump sum awards are the exception, not the rule. (*Nunn v. Industrial Comm'n* (1985), 138 Ill. App. 3d 143.) The rationale for limiting lump sum awards to exceptional circumstances is to safeguard the money, and unless it clearly appears that the disabled worker's means of support will increase, a petition for a lump sum settlement should be denied. (*Nunn*, 138 Ill. App. 3d at 146.) The interests of both the employer and the employee are relevant in deciding whether a permanent total disability award being received in installments should be reduced to a lump sum payment. *Bagwell v. Industrial Comm'n* (1983), 94 Ill. 2d 101.

■ ■ Since whether an award of a lump sum is in a party's best interest is a question of fact, if the Industrial Commission determines that it is not in a party's best interest, that decision, as a finding of fact, should be confirmed unless against the manifest weight of the evidence. (*Bagwell*, 94 Ill. 2d at 106.) The Industrial Commission noted that while Betty Chapman, claimant's mother and legal guardian, testified that a lump sum settlement was in the best interests of her family, William Carnagey, the director of the outreach program, testified only that such commutation "might" allow claimant to go forward with his life. The Commission also noted that while the testimony of Connie and David Mobley indicated that a lump sum settlement might benefit them, as individuals, no evidence was introduced showing that such commutation would be in the best interests of the respondent. In addition, we observe that although claimant had some protection for his funds in that a guardianship had been established for him, there was no testimony concerning any financial plan for the use of the money to support the claimant. See *Nunn v. Industrial Comm'n* (1985), 138 Ill. App. 3d 143.

After reviewing the record in this case and the testimony of the arbitrator, we agree with the findings of the Commission in that there

was insufficient evidence that a lump sum award would be in the best interest of both parties.

The judgment of the circuit court of White County is affirmed.

Affirmed.

BARRY, P.J., and McNAMARA, McCULLOUGH, and CALVO, JJ., concur.