(No. 95431.—

ELLEN HALL, Appellee, v. TIM HENN *et al.*, Appellants.

*Opinion filed December 18, 2003.*

Michael L. Handley, of the Law Offices of Mark R. Rudoff, of Chicago, for appellants.

Hans A. Mast, of the Law Offices of Thomas J. Popovich, of McHenry, for appellee.

J. Ryan Potts and Heather A. Mulligan, of Chicago, for *amicus curiae* Illinois Trial Lawyers' Association.

JUSTICE THOMAS delivered the opinion of the court:

In this case, we are asked to construe the scope of the Recreational Use of Land and Water Areas Act (745 ILCS 65/1 *et seq.* (West 2002)). Specifically, we are asked to decide whether the Act's limitation of liability applies only to landowners who open their property for recreational use by the general public, or whether it also applies to landowners who open their property for recreational use by invited guests only.

## BACKGROUND

During the winter of 2000-01, defendants, Tim and Sue Henn, built and maintained a sled run in their backyard. The run included steps, a platform, and a luge-like course, all of which were constructed out of snow, sprayed with water, and hardened into ice. Although the run was not open to the general public, defendants made it available to certain friends and neighbors. Those using the run first had to ask for and receive defendants'

permission, and defendants allowed the run to be used only when they were present to supervise.

The Friel family lived across the street from defendants. On January 6, 2001, plaintiff, Ellen Hall, was visiting the Friels with her children. During the visit, Jody Friel called defendants and asked if her family and plaintiff's family could use the sled run. Defendants agreed. After taking several successful turns on the run, plaintiff slipped and fell down the icy stairs. The fall knocked plaintiff unconscious, and she suffered both a fractured right arm and a torn anterior cruciate ligament in her left knee.

Plaintiff filed a negligence action against defendants. Defendants moved for summary judgment, arguing that the Act immunizes them from negligence liability arising out of the recreational use of their property. The trial court agreed with defendants and granted the motion. The appellate court reversed, explaining that defendants were not entitled to the Act's protection because they had not opened their land for recreational use by the public. No. 2—02—0435 (unpublished order under Supreme Court Rule 23). We granted defendants' petition for leave to appeal. 177 Ill. 2d R. 315(a).

## ANALYSIS

Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2002); *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 349 (1998). The standard of review for the entry of summary judgment is *de novo*. *Ragan*, 183 Ill. 2d at 349.

The Recreational Use of Land and Water Areas Act (the Act) exists "to encourage owners of land to make land and water areas available to the public for recre-

ational or conservation purposes by limiting their liability toward persons entering thereon for such purposes." 745 ILCS 65/1 (West 2002). To that end, the Act provides that owners of land owe "no duty of care to keep the premises safe for entry or use by any person for recreational or conservation purposes, or to give any warning of a natural or artificial dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." 745 ILCS 65/3 (West 2002). In addition, the Act provides that:

"an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational or conservation purposes does not thereby:

(a) Extend any assurance that the premises are safe for any purpose.

(b) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

(c) Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such person or any other person who enters upon the land.

(d) Assume responsibility for or incur liability for any injury to such person or property caused by any natural or artificial condition, structure or personal property on the premises." 745 ILCS 65/4 (West 2002).

The Act does not immunize landowners who engage in wilful and wanton conduct, nor does it apply to landowners who charge a fee for the use of their property. 745 ILCS 65/6 (West 2002).

As defined by the Act, "land" includes "roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty." 745 ILCS 65/2(a) (West 2002). "Recreational or conservation purpose" means "any activity undertaken for conservation, resource management, exercise, education, relaxation, or pleasure on land owned by another." 745 ILCS 65/2(c) (West 2002). Finally, the Act defines

"[p]erson" as "any person, regardless of age, maturity, or experience, who enters upon or uses land for recreational purposes." 745 ILCS 65/2(e) (West 2002).

Defendants argue that, under the Act, they cannot be held liable for plaintiff's injuries because defendants had invited plaintiff onto their property for recreational purposes, namely, using the sled run. Citing section 1 of the Act, plaintiff counters that the Act's limitation of liability applies only when land is made available "to the public." Here, defendants concede that use of the sled run was limited to invited guests only and was not available to the public.

The resolution of this dispute turns on a question of statutory interpretation. The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503-04 (2000). Accordingly, courts should consider the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it. *People v. Davis*, 199 Ill. 2d 130, 135 (2002). The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). Where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction. *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85 (1999). Nevertheless, we will presume that the General Assembly did not intend an absurd, inconvenient, or unjust result. *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497, 508 (2003). The construction of a statute is a question of law that is reviewed *de novo. In re Estate of Dierkes*, 191 Ill. 2d 326, 330 (2000).

We agree with plaintiff that the Act applies only to those landowners who open their property to the public. Section 1 of the Act specifically states that the Act exists

"to encourage owners of land to make land and water areas available *to the public* for recreational or conservation purposes." (Emphasis added.) 745 ILCS 65/1 (West 2002). Sections 3 and 4, in turn, immunize landowners from negligence liability with respect to "any person" who enters their property for recreational purposes. 745 ILCS 65/3, 4 (West 2002). Reading these provisions together, as we must, we conclude that the Act immunizes landowners from negligence liability with respect to any person who enters their property for recreational purposes, *provided that such property is open to the public.* Conversely, the Act's protections are *not* available to landowners who restrict the use of their property to invited guests only. This reading both considers the Act in its entirety and vindicates the legislature's obvious objective in enacting it. See *Davis*, 199 Ill. 2d at 135.

In reaching this result, we note that defendant's reading of the Act, while textually plausible, renders an absurd and unjust result. The Act is sweeping in its scope, immunizing a landowner from negligence liability with respect to any person who enters the landowner's property for, among other things, "exercise, education, relaxation, or pleasure." 745 ILCS 65/2(c), 3, 4 (West 2002). "Exercise, education, relaxation, or pleasure" encompasses just about every purpose, absent commerce, for which a person is invited onto another's property. Consequently, were we to ignore section 1's express caveat that the property in question be made available for such purposes *to the public*, we would largely eliminate premises liability in this state. This clearly was not the legislature's intent.

As the Act applies only to those landowners who open their property to the general public, the appellate court correctly reversed the trial court's entry of summary judgment in favor of defendants. Defendants testified

that the sled run was available only to certain friends and neighbors, and that anyone using the run first had to ask for and receive defendants' permission. When specifically asked whether the run was open to the public, defendants testified that it was not. In light of these admissions, defendants cannot claim the Act's protection, and they were not entitled to summary judgment. Whether defendants are ultimately liable for plaintiff's injury is not before us, and we express no opinion on that question.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*