**In the Matter of: A Transfer of Structured Settlement Payment Rights by Roger L. DUNN.**

**No. 45A05–0505–CV–255.**

Court of Appeals of Indiana.

May 30, 2006.

Stanley F. Collesano, Tyra & Collesano, P.C., Indianapolis, Harry J. Fleming, The Feldman Law Firm, LLP, Houston, TX, for Appellant.

Frederick A. Roetter, Chad Buell, Indianapolis, Craig H. Ulman, Hogan & Hartson, LLP, Washington, D.C., for Appellee.

## OPINION

ROBB, Judge.

Rapid Settlements, Ltd. ("Rapid") appeals the trial court's order denying approval of the transfer of Roger Dunn's structured settlement payment rights to Rapid. We affirm.

### Issue

Rapid raises one issue for our review, which we restate as whether the trial court properly denied approval of the transfer of Dunn's structured settlement payment rights to Rapid.

### Facts and Procedural History [1,2]

In 1992, Dunn, who was and still is a resident of Indiana, was working for The Goodyear Tire and Rubber Company in Illinois. On August 10, 1992, Dunn sustained a back injury while at work. He later filed a workers' compensation claim under the Illinois Workers Compensation Act against Goodyear and its workers' compensation insurer, Travelers Indemnity Company ("Travelers").

On August 24, 1994, the parties entered into a settlement agreement. Pursuant to the agreement, Dunn was to immediately receive a payment of $20,000. Thereafter, Travelers was obligated to pay Dunn $25,000 on July 19, 1998, $50,000 on July 19, 2008, and $109,069 on July 19, 2018. To fulfill its obligations under the settlement agreement, Travelers entered into a reinsurance agreement with First Colony Life Insurance Company and purchased an annuity naming Dunn as the annuitant. The Illinois Industrial Commission approved the settlement agreement.

On December 8, 2004, Dunn entered into a "Transfer Agreement" with Rapid. In the agreement, Dunn, who is referred to as the "assignor," agreed to "sell[ ], assign[ ],

---

1. Oral argument was heard in this case on April 6, 2006, at Ivy Tech State College in Lafayette, Indiana. We thank the staff and students for their hospitality, and we also thank the attorneys for their insightful arguments.

2. On April 26, 2006, Travelers filed a Notice of Additional Authority, which directed our attention to the recently decided case *In re Mary Foreman*, 2006 WL 1041748 (Ill.App.Ct. 2d Dist. April 18, 2006). Rapid filed a motion to strike Travelers' Notice of Additional Authority on May 5, 2006. Travelers concedes that *In re Mary Foreman* was not a published opinion. Illinois Supreme Court Rule 23(e) provides that an unpublished opinion handed down by an Illinois court "is not precedential and may not be cited by any party except to support contentions of double jeopardy, *res judicata*, collateral estoppel or law of the case." Furthermore, Indiana Appellate Rule 65(D) provides that unpublished opinions of this court "shall not be regarded as precedent and shall not be cited to any court except by the parties to the case to establish *res judicata*, collateral estoppel, or law of the case." Given the policies of both our court and the Illinois courts barring the use of unpublished opinions, we will not consider *In re Mary Foreman*.

and transfer[ ]" to Rapid his right to receive the July 19, 2008, payment for $50,000 and the July 19, 2018, payment of $109,069. Appellant's Appendix at 12. In exchange for this, Rapid agreed to immediately pay Dunn $45,000. Rapid provided Travelers and First Colony with notice informing them about the transfer agreement.

On January 10, 2005, Rapid filed an application for approval of a transfer of structured settlement payment rights with the Lake County Circuit Court in Indiana. The purpose of this application was to avoid the payment of a tax imposed by Title 26 of the United States Code section 5891(a) on individuals who acquire structured settlement payment rights without first obtaining the approval of an applicable state court. On February 4, 2005, Travelers filed an objection to Rapid's application for approval of a transfer of structured settlement payment rights. Travelers argued that Indiana's Structured Settlement Protection Act ("SSPA"), Indiana Code section 34–50–2–1 et seq., "applies only to structured settlements of tort claims for personal injury, whereas [Dunn's] settlement is a settlement of an Illinois worker's compensation claim, *not* a tort claim." Appellant's App. at 22 (emphasis in original). Travelers also argued that even if Indiana's SSPA applied, "the proposed transfer would contravene the Illinois Worker's Compensation Act and the Illinois Industrial Commission Order approving the settlement . . . ." *Id.* at 22–23.

The trial court held a hearing on Rapid's application for approval of a transfer of structured settlement payment rights on February 7, 2005, and issued an order denying Rapid's application on March 9, 2005. The trial court's order makes the following findings of fact and conclusions of law:

1. [Rapid] seeks approval to acquire [Dunn's] rights to receive two future lump sum settlement payments totaling $159,069. It is undisputed that [Dunn's] rights to receive these future payments derive from a settlement of workers' compensation claims approved by the Illinois Industrial Commission under the Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. § § 305–1 *et seq.*

2. Interested parties [Travelers] . . . and [First Colony] . . . have objected to the proposed transfer on grounds that it would contravene the Illinois Workers' Compensation Act. Travelers has also objected on grounds that the Indiana SSPA does not apply to transfers of payment rights under workers' compensation settlements. Both objections are well-founded.

3. The Indiana SSPA does not permit approval of a transfer of payment rights that would contravene applicable law. I.C. § 34–50–2–9(c)(1). In this case the applicable law includes the Illinois Workers' Compensation Act and the order of the Illinois Industrial Commission approving [Dunn's] settlement pursuant to § 305/9 of the Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. § § 305/9.

4. Section 21 of the Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. § 305/21 provides that "no payment, claim, award or decision under this Act shall be assignable . . . ." Other than a narrow exception for certain assignments to the Illinois State Employees Retirement System, there are no exceptions to this broad prohibition on assignment of workers' compensation benefits. The proposed transfer of [Dunn's] payment rights to [Rapid] plainly would violate the prohibition.

The proposed transfer would also conflict with the order approving [Dunn's] settlement, by sustaining this Court's judgment for the evaluation of [Dunn's] best interest by the Illinois Industrial Commission when it approved the settlement.

5. Because it would contravene applicable law, the proposed transfer of [Dunn's] payment rights cannot be approved under the Indiana SSPA.

6. The proposed transfer also cannot be approved because the Indiana SSPA does not apply to transfers of payment rights under workers' compensation settlements. The Indiana SSPA applies only to a transfer of payment rights under a "structured settlement," defined as follows: " 'Structured settlement' means periodic payments of damages established by a settlement or a court judgment in resolution of a tort claim for personal injury." I.C. § 34–50–2–2. While [Dunn's] payment rights were "established by a settlement," the settlement resolved workers' compensation claims, not a "tort claim for personal injury." Because they are benefits arising under the Illinois Workers' Compensation Act, [Dunn's] future lump sum settlement payments also do not constitute "damages." *See* Thomas C. Angerstein, *Illinois Workmen's Compensation* § 9 (rev. ed. 1952) ("Compensation does not mean damages. The word damages has no application and the amount of compensation provided for the disability or death resulting from injuries to employees should in no sense be considered as damages.")[.]

7. Because [Dunn's] settlement is not a "structured settlement" as defined in I.C. § 34–50–2–2, the Indiana SSPA does not apply in this case. *Cf In re Petition of Stratcap Investments, Inc.,* 154 Ohio App.3d 89, 796 N.E.2d 73, 75–77 (2003) (finding that a workers' compensation settlement was not a "structured settlement" under a statutory definition of "structured settlement" closely resembling I.C. § 34–50–2–2).

8. For the foregoing reasons the Court concludes that the transfer of payment rights proposed in this case cannot be approved.

Appellant's App. at 46–48. This appeal ensued.

## Discussion and Decision

Rapid raises several arguments concerning the application of both federal law and Indiana law to this case. With regard to federal law, Rapid argues that Title 26 of the United States Code section 5891 preempts Indiana's SSPA, and because Dunn's workers' compensation settlement constitutes a "structured settlement" under section 5891, the trial court erred in dismissing Rapid's application for approval of a transfer of structured settlement payment rights. Travelers argues that section 5891 does not preempt Indiana's SSPA. It contends that section 5891 only imposes a tax on agreements to transfer structured settlement payment rights, and leaves it up to the states to regulate the actual transfer.

As to Indiana law, Rapid argues that the transfer of Dunn's structured settlement payment rights is permissible under Indiana's SSPA, while Travelers contends that it is not permissible. Both parties' arguments ask us to interpret Indiana Code section 34–50–2–2, which provides that the term "structured settlement" means "periodic payments of damages established by a settlement or a court judgment in resolution of a tort claim for personal injury." Rapid contends that Dunn's

workers' compensation settlement is a structured settlement under Indiana Code section 34–50–2–2 because there is no viable distinction between a tort claim and a workers' compensation claim, and therefore Dunn can transfer his payment rights to Rapid. However, if Dunn's workers' compensation settlement is not a structured settlement under Indiana Code section 34–50–2–2, then the question arises whether Indiana's SSPA precludes approval of the assignment at issue here or simply does not regulate this transfer.

While Rapid's federal law and Indiana law arguments are interesting, we need not reach these issues because we agree with the trial court that Illinois law controls here, and that under Illinois law, Dunn is barred from assigning his structured settlement payment rights to Rapid.

## I. Standard of Review

■ Here, the trial court entered specific findings of fact and conclusions of law with its judgment. When this occurs, we apply a two-tiered standard of review. Ind. Trial Rule 52(A).

> First, we consider whether the evidence supports the findings, construing the findings liberally in support of the judgment. Findings are clearly erroneous only when a review of the record leaves us firmly convinced that a mistake has been made. Next, we determine whether the findings support the judgment. A judgment is clearly erroneous when the findings of fact and conclusions thereon do not support it, and we will disturb the judgment only when there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, but only consider the evidence favorable to the trial court's judgment.

*MCS LaserTec, Inc. v. Kaminski,* 829 N.E.2d 29, 34 (Ind.Ct.App.2005).

## II. Travelers' Interest in this Action

A question raised during oral argument was what interest Travelers has in this action. The facts reveal that Travelers was Goodyear's workers' compensation insurer. In order to resolve Dunn's workers' compensation claim, Travelers and Goodyear entered into a settlement agreement with Dunn. Under this agreement, Travelers was required to make a series of payments to Dunn over the course of several years. To fulfill its obligations, Travelers purchased an annuity with First Colony and named Dunn as the annuitant. In doing so, it would seem that Travelers fulfilled all of its obligations under the settlement agreement and would have no interest in this action. The party that would appear to have the greatest interest in opposing the transfer of Dunn's structured settlement payment rights to Rapid is First Colony, the party responsible for paying Dunn under the annuity.

■ Given this situation, we must wonder whether Travelers has standing to challenge Dunn's efforts to transfer his structured settlement payment rights to Rapid. "The judicial doctrine of standing focuses on whether the complaining party is the proper person to invoke the courts [sic] power and acts to restrain the judiciary to resolving real controversies in which the complaining party has a demonstrable injury." *Area Plan Comm'n, Evansville–Vanderburgh County v. Hatfield,* 820 N.E.2d 696, 699 (Ind.Ct.App.2005), *trans. denied.* Our supreme court has stated that only those persons who have a personal stake in the outcome of the litigation and who know that they have suffered or were in immediate danger of suffering a direct injury as a result of the complained-of conduct will be found to have standing. *State ex. rel Cittadine v. Indiana Dept. of Transp.,* 790 N.E.2d 978, 979 (Ind.2003).

■ Travelers argues that it has an interest in this action. It notes that if we conclude that Dunn can transfer his payment rights to Rapid, it will be responsible for telling First Colony to change the annuitant from Dunn to Rapid. Travelers contends that if the transfer of Dunn's payment rights to Rapid is contrary to the law of Illinois, then it could be subject to liability in that state and might even be forced to pay Dunn the structured settlement payments he transferred to Rapid even though it already made these payments when it purchased the annuity from First Colony. Based on this, Travelers has a personal stake in the outcome of this litigation and is in immediate danger of suffering a direct injury. Therefore, Travelers has standing to challenge Dunn's efforts to transfer his structured settlement payment rights to Rapid.

### III.  Illinois Law

The trial court found that Illinois law was applicable here and that chapter 820 of the Illinois Code section 305/21 barred the transfer of Dunn's right to periodic payments to Rapid. Rapid contends that the trial court's conclusion is erroneous, and that Illinois law permits Dunn to transfer his structured settlement payment rights to Rapid.

■ Initially, we must address whether we are bound to follow Illinois law. Both Rapid and Travelers seem to assume that Illinois law is applicable without explaining why. Nevertheless, we agree that Illinois law is controlling in this case. The facts reveal Dunn worked for Goodyear in Illinois, and his work-related injury took place in Illinois. Dunn filed a workers' compensation claim in Illinois, and the Illinois Industrial Commission approved his settlement of that claim. Based on Dunn's significant contacts with the state of Illinois and the fact that the Illinois Industrial Commission approved Dunn's settlement agreement with Goodyear and Travelers, we conclude that we are bound to follow Illinois law in resolving this case.

Most of Rapid's arguments call for us to interpret a variety of Illinois statutes. Our research reveals that many of these statutes have not been interpreted by either the Illinois Supreme Court or the Illinois Appellate Court in a published opinion. This causes us significant concern; thus, in interpreting these statutes we proceed with great caution. The Illinois Supreme Court has stated that "[t]he fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent." *Hall v. Henn*, 208 Ill.2d 325, 280 Ill.Dec. 546, 802 N.E.2d 797, 799 (2003). Courts should consider a statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it. *Id.* "The best indication of legislative intent is the statutory language, given its plain and ordinary meaning." *Id.* Where the language of a statute is clear and unambiguous, courts should apply the statute without resort to further aids of statutory construction. *Id.* It should be presumed that the legislature did not intend an absurd, inconvenient, or unjust result. *Id.* "The construction of a statute is a question of law that is reviewed *de novo*." *Id.*

Rapid first argues that 820 ILCS section 305/9 permits the transfer of Dunn's workers' compensation settlement to Rapid. Section 305/9 provides:

Any employer or employee or beneficiary who shall desire to have such [workers'] compensation, or any unpaid part thereof, paid in a lump sum, may petition the Commission, asking that such compensation be so paid. If, upon proper notice to the interested parties and a proper showing made before such Commission or any member thereof, it ap-

pears to the best interest of the parties that such compensation be so paid, the Commission may order the commutation of the compensation to an equivalent lump sum . . . .

Rapid argues that Dunn has merely asked the trial court to allow Rapid to pay him the rest of the money owed to him under his workers' compensation settlement in a lump sum, and that this is permissible under section 305/9.

■ However, although section 305/9 allows a party to petition to have their workers' compensation paid in a lump sum, nothing in section 305/9 permits the transfer of one's payment rights under a workers' compensation settlement to a third party. Section 305/9 only seems to permit an employee who has proven he is entitled to workers' compensation benefits to petition to have his employer pay to him all of those benefits in one lump sum payment. Section 305/9 does not contemplate an employee receiving his lump sum payment from a third party, and in exchange that third party being given the employee's right to payment of workers' compensation benefits.

Several Illinois cases have addressed section 305/9 or its predecessor. In each of these cases, the injured employee petitioned to have his workers' compensation benefits paid to him in a lump sum by his employer and not by a third party. *See Bagwell v. Industrial Comm'n*, 94 Ill.2d 101, 68 Ill.Dec. 129, 445 N.E.2d 773 (1983); *Moreland v. Industrial Comm'n*, 47 Ill.2d 273, 265 N.E.2d 161 (1970); *Illinois Zinc Co. v. Industrial Comm'n*, 355 Ill. 253, 189 N.E. 310 (1934); *Sunlight Coal Co. v. Industrial Comm'n*, 350 Ill. 125, 182 N.E. 758 (1932); *Sangamon County Mining Co. v. Industrial Comm'n*, 315 Ill. 532, 146 N.E. 492 (1925); *Chapman v. Industrial Comm'n*, 171 Ill.App.3d 563, 121 Ill.Dec. 853, 525 N.E.2d 1160 (1988); *Nunn v.*

*Industrial Comm'n of Illinois*, 138 Ill. App.3d 143, 92 Ill.Dec. 744, 485 N.E.2d 555 (1985). Therefore, we conclude that section 305/9 does not permit the transfer of Dunn's structured settlement payment rights to Rapid in exchange for a lump sum payment.

■ Rapid next argues that Illinois' SSPA, 215 ILCS section 153 et seq., allows the transfer of structured settlement payment rights that originated from a workers' compensation claim. It first notes that Illinois' SSPA defines "structured settlement" as:

> an arrangement for periodic payment of damages for personal injuries or sickness established by settlement or judgment in resolution of a tort claim or for periodic payments in settlement of a workers' compensation claim.

215 ILCS § 153/5. Later in that chapter, 215 ILCS section 153/15 provides:

> No direct or indirect transfer of structured settlement payment rights shall be effective and no structured settlement obligor or annuity issuer shall be required to make any payment directly or indirectly to any transferee of structured settlement payment rights unless the transfer has been approved in advance in a final court order or order of a responsible administrative authority based on express findings by such court or responsible administrative authority that:
>
> 1) the transfer is in the best interest of the payee, taking into account the welfare and support of the payee's dependents;
>
> 2) the payee has been advised in writing by the transferee to seek independent professional advice regarding the transfer and has either received such advice or knowingly waived such advice in writing; and

3) the transfer does not contravene any applicable statute or the order of any court or other government authority.

Rapid argues that Dunn's settlement of his workers' compensation claim constitutes a "structured settlement" under 215 ILCS section 153/5, and, therefore, pursuant to 215 ILCS section 153/15, he can transfer his structured settlement payment rights to Rapid so long as he receives approval from a court.

However, 215 ILCS section 153/15 states that a transfer cannot "contravene any applicable statute . . . ." Additionally, 215 ILCS section 153/30 provides that "[n]othing contained in this Act shall be construed to authorize any transfer of structured settlement payment rights in contravention of any law . . . ." Travelers points out and the trial court found that Dunn's transfer of his structured settlement payment rights to Rapid would contravene 820 ILCS section 305/21, which is part of Illinois' Workers' Compensation Act. That statute provides that "[n]o payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages . . . ." 820 ILCS § 305/21. Dunn's structured settlement constitutes a payment or award of workers' compensation. The plain language of section 305/21 bars the assignment of a workers' compensation award. Therefore, Dunn's transfer of his workers' compensation award to Rapid is barred by section 305/21.

Rapid, though, argues that section 305/21 does not apply because it only applies to creditors. Rapid contends that section 305/21 "does not extend to transfers or commutations of future benefits to lump sums, but, rather, it is designed to prevent third party creditors from seizing the workers compensation benefits for other debts." Appellant's Br. at 15.

Although the language of section 305/21 is somewhat unclear due to a lack of punctuation, it seems likely that section 305/21 imposes three prohibitions. The statute provides that no payment, claim, award or decision under the act shall be (1) assignable; (2) subject to any lien, attachment, or garnishment; or (3) be held liable in any way for any lien, debt, penalty, or damages. 820 ILCS § 305/21. Rapid is correct that section 305/21 is designed to prevent third party creditors from seizing workers' compensation benefits to satisfy other debts. However, Rapid's interpretation of the statute ignores its prohibition of the assignment of a workers' compensation award. This portion of the statute cannot be ignored, and indicates that Dunn's transfer of his structured settlement payment rights is barred.

Rapid also argues that section 305/21 does not apply here because Dunn is transferring his structured settlement payment rights to Rapid and not assigning them. This argument carries little weight. The transfer agreement entered into by Dunn and Rapid specifically refers to Dunn as the "Assignor." Appellant's App. at 12. The transfer agreement states that Dunn "hereby sells, *assigns*, and transfers to [Rapid] all of Assignor's right, title, and interest . . . in and to the Assigned Payment(s)." *Id.* (emphasis added). Thus, Dunn's transfer of his structured settlement payment rights is an assignment, and, as a result, is barred by section 305/21.

The seemingly troubling question that remains, however, is how our conclusion that 820 ILCS section 305/21 bars the assignment of a workers' compensation award such as Dunn's, can be squared with the plain language of 215 ILCS section 153/15, which indicates that structured

settlement payment rights received through the settlement of a workers' compensation claim can be transferred so long as the transfer is approved by a court. The answer can be found in the language of section 305/21, which states that "[n]o payment, claim, award or decision *under this Act* shall be assignable . . . ." (Emphasis added). By its very terms, section 305/21 only bars the assignment of a workers' compensation award that has been awarded under the Illinois Workers' Compensation Act. It does not prohibit the assignment of a workers' compensation award that has been awarded under the workers' compensation act of another state. Therefore, although section 820 ILCS section 305/21 bars a party from assigning under 215 ILCS section 153/15 a workers' compensation structured settlement award received under the Illinois Workers' Compensation Act, a party is still free to transfer under 215 ILCS section 153/15 a workers' compensation structured settlement award received under the workers' compensation act of another state. Thus, 820 ILCS section 305/21 and 215 ILCS section 153/15 can co-exist harmoniously.

We conclude that 820 ILCS section 305/21 bars the assignment of a workers' compensation award received under the Illinois Workers' Compensation Act. The structured settlement agreement Dunn reached with Goodyear and Travelers resolved his workers' compensation claim and was approved by the Illinois Industrial Commission. Thus, Dunn's structured settlement payment rights constitute a workers' compensation award received under the Illinois Workers' Compensation Act, and, pursuant to 820 ILCS section 305/21, cannot be assigned. Therefore, the trial court properly concluded that Illinois law bars Dunn from transferring his structured settlement payment rights to Rapid.

*Conclusion*

The transfer to Rapid of Dunn's structured settlement payment rights that he received in settlement of his workers' compensation claim is barred by 820 ILCS section 305/21. The trial court's order denying approval of the transfer of Dunn's structured settlement payment rights to Rapid is therefore affirmed.

Affirmed.

RILEY, J., and VAIDIK, J., concur.