No. 2-22-0408
Order filed September 8, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DOREEN COLLETTI MUHS, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-L-545 |
| | ) | |
| FOX POINT HOMEOWNERS | ) | |
| ASSOCIATION and STACY BOYUM | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Fox Point Homeowners Association, | ) | Joseph V. Salvi, |
| Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Schostok and Kennedy concurred in the judgment.

**ORDER**

¶ 1     *Held*:   (1) Settlement of negligence claim against a homeowner's association volunteer for injuring plaintiff during a poolside party extinguished the association's vicarious liability for the volunteer's conduct.  (2) Summary judgment for the homeowner's association on the vicarious liability claim was proper where the undisputed facts established that the volunteer was acting beyond the scope of her duties as a host of the party when she engaged in the conduct that injured plaintiff.

¶ 2     Plaintiff, Doreen Colletti Muhs, appeals from the summary judgment entered against her

and in favor of defendant, (Fox Point), on her claim that Fox Point was vicariously liable for the

negligence of its alleged agent, codefendant Stacy Boyum. We hold that when plaintiff, after the summary judgment, settled her underlying negligence claim against Boyum, any vicarious liability of Fox Point based on Boyum's conduct was thereby extinguished. Alternatively, we hold that the summary judgment for Fox Point was proper because there were no questions of material fact and Fox Point was entitled to judgment as a matter of law on the issue of whether it was vicariously liable for plaintiff's injuries. Thus, we affirm on those two grounds.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff filed a three-count amended complaint against Fox Point and Boyum. Count I was a direct claim of negligence against Fox Point for injuries plaintiff suffered during a party on Fox Point's premises when Boyum knocked plaintiff to the ground while trying to encourage plaintiff and her fellow party guests to jump in Fox Point's swimming pool. Count II alleged a theory of vicarious liability against Fox Point based on Boyum's negligence in causing plaintiff's fall. Count III alleged negligence against Boyum for causing plaintiff's fall. Fox Point moved for summary judgment on counts I and II.

¶ 5      The following facts are from the depositions, affidavits, and other evidentiary materials submitted in the summary judgment proceeding. Fox Point occasionally held social events for its members. On July 22, 2017, it held an adults-only party. Although the party was at Fox Point's swimming pool, Fox Point notified attendees via its party organizers that the event excluded swimming.

¶ 6      In her affidavit, Fox Point's vice president, Stephanie Paine, averred that she appointed three volunteers, including Boyum, to plan and organize the party. None of the three volunteers was paid or otherwise compensated for those efforts. According to Paine, Fox Point did not expect, instruct, or require Boyum to have unwanted physical contact with plaintiff or any other guest as

part of Boyum's role as a volunteer at the party. Paine continued: (1) "[Fox Point] did not receive any benefit from *** Boyum having unwanted physical contact with [p]laintiff *** at the [p]arty" and (2) "[i]f *** Boyum had unwanted physical contact with [p]laintiff during the [p]arty, *** Boyum did so for her own personal reasons, not for the benefit of [Fox Point]."

¶ 7    Plaintiff testified in her deposition that she and her husband purchased tickets and attended the party. Several hours into the party, Boyum and others began jumping into the pool. Plaintiff, who did not want to get in the pool, moved several feet away to avoid being thrown or knocked in the pool. As she was standing at a table about 15 to 20 feet from the pool talking with an acquaintance, Boyum ran into her, knocking her down. Plaintiff's face and right hand struck the concrete pool deck. Plaintiff suffered serious injuries to her face and hand. Boyum texted plaintiff the next day, stating: " 'I'm so sorry for trying to push you. Trying to be funny.' "

¶ 8    Boyum testified in her deposition that her duties as a party planner included serving as a host at the party. In that capacity, she welcomed guests, replenished food, restocked the bar, and "generally tr[ied] to make sure people were having a good time." She socialized with everyone at the party. When plaintiff arrived, Boyum welcomed her. They engaged in small talk during the evening. Boyum admitted that she drank several cocktails during the event. According to Boyum, the party began at 7 p.m. and ended around midnight.

¶ 9    Boyum testified that she injured plaintiff while "encouraging her to go into the pool." As plaintiff was talking with someone at a cocktail table, Boyum put her arm around plaintiff, "like a side hug," and said, " 'Let's go into the pool.' " According to Boyum, as she was encouraging plaintiff to get in the pool, they tripped and fell to the pavement. Boyum was not injured.

¶ 10    Boyum testified that there was no plan before the party to jump in the pool and that the decision was "a spur-of-the-moment type thing." No one from Fox Point's board of directors

instructed her to jump in the pool. Nor did any board member instruct her to push, tackle, or encourage others to jump in the pool. Boyum "wanted [plaintiff] to come in the pool with us" but "did not want to push her [in]." Boyum encouraged plaintiff to voluntarily jump in the pool and would not have pushed or tackled her had she refused.

¶ 11 The trial court granted summary judgment in favor of Fox Point on counts I and II. As to count II, the court ruled that Fox Point was not vicariously liable, because Boyum's conduct that caused plaintiff's fall was not part of her volunteer work for Fox Point and was not motivated by a purpose to serve Fox Point.

¶ 12 Following the grant of summary judgment, the claim against Boyum in count III remained pending. Subsequently, plaintiff and Boyum settled that claim and the trial court dismissed the case with prejudice. Plaintiff, in turn, filed this timely appeal.

¶ 13                                    II. ANALYSIS

¶ 14 On appeal, plaintiff contends that the trial court erred in granting summary judgment on count II, because there were questions of material fact as to whether Fox Point was vicariously liable for Boyum's acts. Fox Point responds that not only was summary judgment proper, but plaintiff's later settlement of her underlying negligence claim against Boyum extinguished Fox Point's vicarious liability for Boyum's conduct. Plaintiff did not file a reply brief or otherwise contest Fox Point's argument that the settlement with Boyum extinguished Fox Point's vicarious liability.

¶ 15 We begin with Fox Point's argument about the effect of plaintiff's settlement with Boyum. Our supreme court has held that " 'any settlement between the agent and the plaintiff must also extinguish the principal's vicarious liability.' " *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 528 (1993) (quoting *American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini*

*Medical Center*, 154 Ill. 2d 347, 355 (1992)). Where the principal's potential liability is solely derivative, settlement with the agent requires dismissing the principal from the action. *American National Bank*, 154 Ill. 2d at 355. Such a rule applies regardless of whether the plaintiff's covenant not to sue the agent expressly reserves the right to seek recovery from the principal. *Gilbert*, 156 Ill. 2d at 528.

¶ 16     Here, the trial court granted summary judgment to Fox Point on count I, plaintiff's direct negligence claim against Fox Point,[1] and on count II, plaintiff's claim that Fox Point was vicariously liable for Boyum's acts. After summary judgment on counts I and II, plaintiff settled her underlying negligence claim against Boyum (count III), which was based on the same conduct as count II. Under *Gilbert*, the settlement extinguished Fox Point's vicarious liability for Boyum's conduct. Although the trial court had already granted Fox Point summary judgment on count II, the settlement is an independent and sufficient ground for affirmance. See *Monson v. City of Danville*, 2018 IL 122486, ¶ 41 (the reviewing court may affirm the trial court's judgment on any basis appearing in the record).

¶ 17     Alternatively, we address whether the trial court erred in granting summary judgment on the vicarious liability claim. It did not.

¶ 18     Summary judgment is proper only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Hall v. Henn*, 208 Ill. 2d 325, 328 (2003). We must construe the evidentiary materials strictly

---

[1]Plaintiff did not oppose in the trial court Fox Point's summary judgment motion directed at count I. Nor does plaintiff appeal the trial court's grant of summary judgment on count I.

against the moving party and liberally in favor of the nonmoving party. *Hoy v. Great Lakes Retail Services, Inc.*, 2016 IL App (1st) 150877, ¶ 23. We review *de novo* the entry of summary judgment. *Clark Investments, Inc. v. Airstream, Inc.*, 399 Ill App. 3d 209, 213 (2010).

¶ 19 "Under the theory of *respondeat superior*, an employer can be liable for the torts of an employee, but only for those *** committed within the scope of the employment."[2] *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 163 (2007). When determining whether an employee has acted within the scope of employment, Illinois courts look to the Restatement (Second) of Agency § 228 (1958), which states that an employee's act is within the scope of employment if three criteria are met: (1) it is of the kind the employee is employed to perform, (2) it occurs substantially within the authorized time and space limits, and (3) it is actuated, at least in part, by a purpose to serve the employer. *Bagent*, 224 Ill. 2d at 164. It is well settled that summary judgment is generally inappropriate when the scope of employment is at issue. *Bagent*, 224 Ill. 2d at 165. However, if no reasonable person could conclude from the evidence that the employee was acting within the course of employment, the court should hold as a matter of law that the employee was not so acting. *Bagent*, 224 Ill. 2d at 165-66; see *Parks v. Brinkman*, 2014 IL App (2d) 130633, ¶ 45 (when the test for scope of employment is applied in the context of motions for directed verdict and judgment *n.o.v.*, the question is whether the evidence presented by the plaintiff, when viewed most favorably to the plaintiff, was totally lacking on any of the three requirements).

---

[2]We note that the terms " 'employee' " and " 'employer' " are broad enough to include an unpaid volunteer performing services for a nonprofit organization. See *Parks v. Brinkman*, 2014 IL App (2d) 130633, ¶ 44 n.2. Nor does Fox Point contend otherwise.

¶ 20    Here, we hold that, as a matter of law, no reasonable person could conclude that plaintiff satisfied either the first or third requirements of section 228.

¶ 21    The first requirement asks the court to determine whether the employee's conduct, although not authorized by the employer, was nevertheless so similar or incidental to the employer-authorized conduct as to be within the scope of employment. *Parks*, 2014 IL App (2d) 130633, ¶ 57 (citing *Bagent*, 224 Ill. 2d at 166). Thus, even if Boyum's conduct in encouraging plaintiff to enter the pool was not among her authorized job duties, vicarious liability may properly be imposed if, *inter alia*, the conduct was sufficiently similar or incidental to her assigned duties.

¶ 22    Boyum's duties involved planning the party and acting as a host. According to Boyum, she greeted the guests, replenished the food, restocked the bar, and generally interacted with the attendees, including plaintiff. There was no evidence that Boyum's duties included encouraging anyone to enter the pool, let alone forcing them to do so. Indeed, the organizers had sent a notice that the party would not involve swimming; it was Boyum's and the other hosts' spontaneous decision to jump in the pool and encourage others to do so. Further, according to Paine, who had asked Boyum to volunteer, no one at Fox Point instructed or required Boyum to have unwanted physical contact with any of the guests. There is simply no evidence that would lead a reasonable person to find that Boyum's encouraging plaintiff (through words and physical contact) to get in the pool was similar or incidental to her duties as a host at the party. Thus, as a matter of law, plaintiff failed to establish the first requirement of section 228.

¶ 23    We next address the third requirement of section 228—that Boyum's conduct was motivated, at least partly, by a desire to serve Fox Point. To establish this requirement, a plaintiff may not rely simply on evidence about the employer's needs or interests but must offer evidence of the employee's own state of mind. *Bagent*, 224 Ill. 2d at 170.

¶ 24 Boyum testified that she did not consider it her responsibility as a volunteer to encourage attendees, including plaintiff, to get in the pool. Nor did anyone from Fox Point tell her to encourage or force anyone to get in the pool. Indeed, according to Boyum, getting in the pool was her idea—"a spur-of-the-moment type thing." Based on Boyum's state of mind, no reasonable fact finder could conclude that Boyum was motivated by any desire to serve Fox Point when she encouraged plaintiff to enter the pool and, in doing so, caused her to fall. Thus, as a matter of law, plaintiff failed to satisfy the third requirement of section 228.

¶ 25 Because there was insufficient evidence for a reasonable person to find that plaintiff satisfied either the first or third requirements of section 228, the trial court properly entered summary judgment on the vicarious liability claim in count II. Thus, we need not address whether plaintiff satisfied the second requirement of section 228.

¶ 26                                   III. CONCLUSION

¶ 27 For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 28 Affirmed.